# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

Nº 10-cv-04092 (JFB)(ARL)

———————————

JAMES GENCARELLI,

Plaintiff,

VERSUS

CABLEVISION SYSTEMS CORPORATION,

Defendant.

———————————

**MEMORANDUM AND ORDER**
March 27, 2012

———————————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff James Gencarelli ("plaintiff" or "Gencarelli") brings this action for breach of contract against defendant Cablevision Systems Corporation ("defendant" or "Cablevision"), alleging that defendant terminated his employment improperly. In particular, Gencarelli alleges that, at some point after an interview on July 1, 2010, he accepted a contract for employment, and then later received a letter from Cablevision, dated August 10, 2010, stating that Cablevision would not be extending an offer of employment to him. Plaintiff does not allege that this alleged contract was in writing.

Defendant now moves to dismiss the first amended complaint ("amended complaint"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the defendant's motion is granted. Plaintiff does not allege that the alleged employment agreement was for a fixed duration, or that there were any express limitations on Cablevision's ability to terminate at will. It is well settled under New York law that at-will employment may be terminated at any time by either party for any reason. Therefore, even accepting the allegations in the amended complaint as true, plaintiff cannot state a plausible claim for breach of contract as a matter of law. Similarly, no claim for negligent misrepresentation or promissory estoppel can exist for an at-will employment contract as alleged in the amended complaint. However, in an abundance of caution, the Court will grant plaintiff leave to re-plead his claim to allow him to attempt to add additional allegations, if there is a factual basis for doing so, to provide a plausible

basis for concluding that this was not an at-will employment contract.

I. BACKGROUND

A. The Amended Complaint

The following facts are taken from the amended complaint and are not findings of fact by the Court. Instead, the court assumes these facts to be true for purposes of deciding the pending motion to dismiss and will construe them in a light most favorable to plaintiff, the non-moving party.

On July 1, 2010, plaintiff interviewed for employment as a sales representative at Cablevision in the town of West Nyack, New York. (Amended Complaint at ¶ 3.) This was plaintiff's second interview for the position of sales representative. (*Id.*) At the interview he met with Jeff Howes, a member of defendant's management personnel, and his assistant Al Birnstill. (*Id.*) Plaintiff was offered employment at this meeting. (*Id.*) Plaintiff accepted the offer. (*Id.*) Plaintiff alleges that in lieu of accepting employment for a different job, plaintiff accepted the offer of employment that was given to him by agents and representatives of defendant. (*Id.*)

On August 10, 2010, plaintiff received a letter from Cablevision's Human Resources Department that stated that he would not be extended an offer of employment from Cablevision. (*Id.*)

B. Procedural History

On September 7, 2010, plaintiff filed his complaint and a motion to proceed *in forma pauperis*. Plaintiff's motion to proceed *in forma pauperis* was granted on September 10, 2010. On December 30, 2010, defendant filed a motion to dismiss. On January 7, 2011, plaintiff filed his opposition. On February 10, 2011, defendant filed its reply.

By letter dated April 19, 2011, defendant notified the Court that on April 5, 2011, the plaintiff had served an amended complaint on Cablevision's former attorney and requested a pre-motion conference in anticipation of its motion to dismiss the amended complaint. At a telephone conference on May 27, 2011, the Court set a briefing schedule for the defendant's motion to dismiss the amended complaint, and permitted the parties to incorporate by reference the arguments made in their earlier motion papers. On June 10, 2011, defendant filed its renewed motion to dismiss. Plaintiff filed his opposition on June 30, 2011, and defendant filed its reply on July 22, 2011. The Court has fully considered the submissions of the parties.[1]

II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl.*

---

[1] On December 23, 2011, plaintiff filed a motion to compel responses to discovery and a motion for sanctions. Defendant filed a letter response to this motion on December 28, 2011. Plaintiff is not entitled to discovery unless he can plead a plausible claim that can survive a motion to dismiss which, as discussed *infra*, he has failed to do. Thus, plaintiff's motion for discovery is denied.

*Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, ––– U.S. ––––, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), setting forth a two-pronged approach for courts deciding a motion to dismiss. The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S.Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obligated to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. New York State Unified Ct. Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *2 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (citing *Iqbal*, 129 S.Ct. at 1949; *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

III. DISCUSSION

A. Employment At Will

In New York, it well settled that "[w]here an employment is for an indefinite term it is presumed to be hiring at will which may be freely terminated by either party at any time for any reason or even no reason." *Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 300, 448 N.E.2d 86, 461 N.Y.S.2d 232 (1983), *superseded by statute on other grounds as stated in Leibowitz v. Bank Leumi Trust Co.*, 152 A.D.2d 169, 548 N.Y.S.2d 513 (App. Div. 1989); *see also Baron v. Port Auth.*, 271 F.3d 81, 85 (2d Cir. 2001) (citing *Sabetay v. Sterling Drug, Inc.*, 69 N.Y.2d 329, 333, 506 N.E.2d 919 (1987)). However, an employee may rebut this presumption "[b]y establishing an express limitation in the individual contract of employment curtailing an employer's right to terminate at will." *Baron*, 271 F.3d at 85 (citing *Gorill v. Icelandair/Flugleidir*, 761 F.2d 847, 851 (2d Cir. 1985)). Accordingly, "[a]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party." *Sabetay*, 69 N.Y.2d at 333; *see also DePetris v. Union Settlement Ass'n, Inc.*, 86 N.Y.2d 406, 410, 657 N.E.2d 269, 633 N.Y.S.2d 274 (1995). An employee may also rebut the presumption by alleging that he "relie[d] to his detriment on an employer's express written policy limiting its right to discharge." *Chimarev v. TD Waterhouse Investor Servs., Inc.*, 99 F. App'x 259, 262 (2d Cir. 2004); *see Geldzahler v. New York Med. Coll.*, 663 F. Supp. 2d 379, 388 (S.D.N.Y. 2009); *see also Hunter v. Kaufman Enters., Inc.*, No. CV 09-5540 (JS)(AKT), 2011 WL 3555809, at *3 (E.D.N.Y. Aug. 8, 2011) ("the presumption that an employment is at-will may be rebutted and New York will

3

recognize an action for breach of contract where the employer made its employee aware of an express written policy limiting the right of discharge and the employee detrimentally relied on that policy") (quotations and citations omitted). "However, the New York Court of Appeals has warned that this is a 'difficult pleading burden.'" *Hunter*, 2011 WL 3555809, at *3 (citing *Sabetay*, 69 N.Y.2d at 334-35).

B. Application[2]

Plaintiff alleges that, by terminating his employment, defendant breached his employment contract. Defendant argues that, even if plaintiff did in fact accept employment with Cablevision, plaintiff was an at-will employee, and as such, was terminable at any time. As discussed below, this Court agrees with the defendant and concludes that plaintiff's claim for breach of his employment contract, as alleged, cannot prevail as a matter of law because an at-will employee can be terminated at any time for any reason.

Plaintiff's amended complaint merely alleges (1) that he was orally offered employment at his meeting with Jeff Howes and Al Birnstill, and (2) that he accepted the employment with Cablevision in lieu of accepting a different job offer. However, even assuming the facts are true as set forth in plaintiff's amended complaint, it is presumed that plaintiff was hired as an "[a]t will [employee], terminable at any time by either party." *See Baron*, 271 F.3d at 85. Plaintiff has not alleged any facts that would rebut this presumption. Plaintiff merely alleges that an offer of employment was made and he accepted it. He does not allege that there was an express limitation in his contract "[c]urtailing an employer's right to terminate at will." *See id.* Additionally, plaintiff does not allege that his offer of employment was for a definite term, or that there was an express written policy limiting his right to discharge upon which he relied. *See Chimarev*, 99 F. App'x at 262; *Sabetay*, 69 N.Y.2d at 333. Accordingly, based upon the allegations in the amended complaint, plaintiff was an at-will employee and his breach of contract claim must fail as a matter of law.[3] *See Hunter*, 2011 WL 3555809, at *4 ("Since the Plaintiff fails to plead the existence of any express written

---

[2] As an initial matter, defendant argues, based upon the current allegations in the amended complaint, an employment contract did not exist between plaintiff and defendant because plaintiff did not allege that he communicated his acceptance to the defendant. (Def.'s Memo at 4; Def.'s Renewed Memo at 3.) The Court agrees. In particular, both the initial and amended complaint state that, "Plaintiff accepted the offer of employment from [Cablevision] by the action of not taking the alternative position in another company that was readily available, consummating the agreement of employment from [Cablevision]." (Complaint at ¶ 3; Amended Complaint at ¶ 3.) Absent some communication of the acceptance of the offer, no contract existed, and the offer could be revoked at any time. *See, e.g., D'Agostino Gen. Constr. v. Steve Gen. Contr.*, 267 A.D.2d 1059, 700 N.Y.S.2d 351, 351 (App. Div. 1999) ("The record establishes . . . that defendant never communicated its acceptance of the original bid to plaintiff, and thus no contract was formed based upon that bid.") (citations omitted); *see also Marks v. New York Univ.*, 61 F. Supp. 2d 81, 89 (S.D.N.Y. 1999) ("It is well established under New York law that an offeree's power of acceptance is terminated when an offer is validly revoked."). However, as discussed below, even if plaintiff alleged that he communicated his acceptance to Cablevision and an employment contract existed, the breach of contract claim still could not survive a motion to dismiss because an at will employment contract can be terminated by either party at any time for any reason.

[3] To the extent plaintiff's complaint sets forth a claim for the tort of wrongful termination, his claim is also dismissed. The State of New York does not recognize the tort of wrongful termination. *See Murphy*, 58 N.Y.2d., at 197 ("This court has not and does not now recognize a cause of action in tort for abusive or wrongful discharge of an employee; such recognition must await action of the Legislature.")

policy which limits McDonald's right to discharge an employee, the Court declines to create an exception to New York's at-will employment doctrine and further declines to recognize an action for breach of contract in this instance."); *Boata v. Pfizer, Inc.*, No. 10 Civ. 4390 (DLC), 2010 WL 4878872, at *5 (S.D.N.Y. Dec. 1, 2010) ("Boata has failed to plead sufficient facts to establish a claim for a breach of an implied contract of employment. Nothing in the PIP [Performance Improvement Plan] indicates that it is an agreement establishing a fixed duration for Boata's employment."); *Hughes v. Standard Chartered Bank, PLC*, No. 09 Civ. 4595 (PKC), 2010 WL 1644949, at *6 (S.D.N.Y. Apr. 14, 2010) ("Because the amended complaint does not rebut the presumption that [plaintiff] was an at will employee, the defendants' motion to dismiss the breach of contract claim is granted."); *Priovolos v. St. Barnabas Hosp.*, 1 A.D.3d 126, 127, 766 N.Y.S.2d 435, 436 (App. Div. 2003) ("Because plaintiffs were at-will employees, the court properly dismissed their claim for breach of contract or improper termination."); *see also Parday v. Gray*, 07 Civ. 6324 (LAP), 2008 WL 2756331, at *4 (S.D.N.Y. July 15, 2008) ("Here, it is undisputed that Plaintiff was an at-will employee, and therefore, under New York State law, her contract claims must be dismissed.").

Similarly, to the extent that plaintiff's amended complaint could be liberally construed to also be asserting a claim for negligent misrepresentation or promissory estoppel, such claims also must fail based upon the allegations in the complaint. In particular, since an at-will employment contract can be terminated at any time, a plaintiff cannot establish the requisite element of reasonable reliance on the alleged representations by Cablevision regarding future employment. *See Marino v. Oakwood Care Center*, 5 A.D.3d 740, 774 N.Y.S.2d 562, 562 (App. Div. 2004) ("since the plaintiff was offered only at-will employment, she cannot establish reasonable reliance, a necessary element to recover damages on theories of fraudulent misrepresentation, negligent misrepresentation, and promissory estoppel") (citations omitted); *accord Nichols v. Xerox Corp.*, 72 A.D.3d 1501, 899 N.Y.S.2d 524, 524 (App. Div. 2010).

In sum, according to plaintiff's allegations in the amended complaint, the employment contract was an at-will employment contract terminable by Cablevision at any time. Thus, the amended complaint does not state a plausible claim for breach of contract, or any other plausible claim under New York law, and must be dismissed.

### IV. LEAVE TO REPLEAD

Although plaintiff has not requested leave re-plead his amended complaint, the Court has considered whether plaintiff should be given an opportunity to re-plead. The Second Circuit has emphasized that

> A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a).

5

Defendant argues that plaintiff should not be given leave to re-plead because he already had an opportunity to do so in his amended complaint in response to the initial motion to dismiss. However, defendant has overlooked the fact that the amended complaint was *filed* on September 27, 2010 (prior to the initial motion to dismiss on November 17, 2010), but was not *served* until after the motion was filed. Thus, plaintiff has not had an opportunity to address the pleading defects, if there is a factual basis to do so, that were identified in the motions to dismiss and analyzed in this Memorandum and Order. Therefore, in an abundance of caution, the Court will permit plaintiff an opportunity to file a second amended complaint if there are additional facts he can allege which establish (1) that he communicated his acceptance of the offer to Cablevision, and (2) that the contract was not an at-will contract, but rather was of a fixed duration or there was some other express limitation, in the contract or in a written policy relied upon by plaintiff, curtailing Cablevision's right to terminate at will.

V. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's amended complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is granted. However, in an abundance of caution, the Court will grant plaintiff leave to re-plead if he wishes to address the pleading defects identified in this Memorandum and Order. Plaintiff may file a second amended complaint within thirty days of the issuance of this Order. Failure to file a second amended complaint will result in dismissal of the complaint with prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:     March 27, 2012
           Central Islip, NY

\* \* \*

Plaintiff is proceeding *pro se*: James Gencarelli, 2185 Lemoine Ave, Fort Lee, NJ 07024. The attorneys for the defendant are: Steven Gerber, Esq. and Todd R. Harris, Esq. of the law firm Gonzalez Saggo and Harlan LLP, 292 Madison Avenue, 19th Floor, New York, NY 10017.